# In the United States Court of Federal Claims

No. 17-314C
(Filed March 27, 2017)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
IP NETWORK SOLUTIONS, INC.,      *
et al.,                          *
                                 *
             Plaintiffs,         *
                                 *
     v.                          *
                                 *
THE UNITED STATES,               *
                                 *
             Defendant,          *
                                 *
     and                         *
                                 *
VISTA DEFENSE                    *
TECHNOLOGIES, LLC,               *
                                 *
             Defendant-Intervenor. *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

At today's status conference, defendant-intervenor's request that the caption be changed to reflect its correct name, Vista Defense Technologies, LLC, was **GRANTED**. The caption has been changed accordingly.

For the reasons stated on the record during today's status conference, plaintiffs' motions for a temporary restraining order and for a preliminary injunction are **DENIED**. In sum, the Court found that plaintiffs were not likely to succeed in showing that the Army's urgent and compelling circumstances override of the Competition in Contracting Act (CICA) automatic stay, under 31 U.S.C. § 3553(d)(3)(C)(i)(II), was arbitrarily and capriciously decided --- particularly since there was no status quo to preserve. The Army's determination that there was no reasonable alternative to the override appears rational, when the award protested was a sole source bridge contract; the only other source was the incumbent --- one of the plaintiffs --- which had no more options or extensions available under the

predecessor contract; and the awardee was likely to file its own challenge to a sole source award to the incumbent (triggering its own CICA stay), because this would require the work to be removed from the Small Business Administration's section 8(a) program, 15 U.S.C. § 637(a). Since there were no reasonable alternatives to consider, the Army's analysis of potential costs was also rational. Without a likelihood of success on the merits, injunctive relief cannot issue. *See Munaf v. Geren*, 553 U.S. 674, 690 (2008).

The parties shall file a Joint Status Report on or by **Friday, March 31, 2017**.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge